FILED
SUPERIOR COURT
OF GUAM

2022 SEP -2 PM 5:42

CLERK OF COURT

BY:_____



## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| YOUNG LEE AND TOM YOUNG INC., | CIVIL CASE NO. CV0299-19 |
| Third-Party Plaintiffs, | |
| vs. | DECISION AND ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO PROSECUTE; JUDGMENT OF DISMISSAL WITH PREJUDICE |
| VICTOR PAULINO, CASSIDY'S ASSOCIATED INSURERS INC. and DOES I to V | |
| Third-Party Defendants.[1] | |

### I.   INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon upon submission of Victor Paulino and Cassidy's Associated Insurer's Inc.'s (the Third-Party Defendants and collectively "Cassidy's") Motion to dismiss for failure to prosecute. Attorney Randall Cunliffe represents Defendants/Third-Party Plaintiffs Young Lee and Tom Young, Inc. (hereinafter "Young").[2] The Court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001 and CVR 7.l(e)(6)(A) of the Local Rules of the Superior Court of

---

[1] The Third-Party Plaintiffs were originally also Defendants in the action as brought forth by a Mr. Hailler Hallers. *See* Compl. for Monetary Damages (Mar. 28, 2019). Mr. Hallers' claim has since been dismissed with prejudice and only the Third-Party Plaintiffs and the Third-Party Defendants remain. *See* Stipulation for Dismissal & Order (Dec. 22, 2020). This caption reflects the remaining parties to the litigation.

[2] While Defendants have been represented by the Law Office of Cunliffe & Cook since June 22, 2020, *See* Substitution of Counsel (June 22, 2020), their counsel recently moved to withdraw as counsel. *See* Motion to Withdraw as Counsel (Aug. 15, 2022). This Court shall addres Mr. Cunliffe's motion separately.

Decision and Order Granting Motion to Dismiss for Failure to Prosecute
CV0299-19, *Hallers v. Young et al.*
Page 1 of 8

Guam following submission (or lack thereof) of the parties' respective briefs, without oral argument. Having duly considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order and **GRANTS** Cassidy's Motion.

## II.     BACKGROUND

This matter originally arose out of an incident that occurred at the workplace of Hailler Hallers circa 2018. *See* Compl. for Monetary Damages. Young managed and operated the workplace. *See Id.* at 1-2. Mr. Hallers claimed to have suffered personal injuries as a result of Young's negligence and sought damages for the alleged injuries. *See Id.* Young apparently assumed the costs of Mr. Hallers' medical treatment but denied the accusations and filed a third party complaint against Cassidy's, alleging that it was the latter which was liable for any costs and/or damages. *See* Answer, Counterclaim, and Third Party Practice (Apr. 18, 2019). Hallers and Young subsequently agreed to dismiss Hallers' claims with prejudice. *See* Stipulation for Dismissal & Order (Dec. 22, 2020). Consequently, only Young's claims against Cassidy's survived; however, the action laid dormant until Cassidy's filed its present Motion to dismiss for failure to prosecute. *See* Motion to Dismiss (May 13, 2022). During this hiatus, Young allegedly failed to fully respond to discovery requests and even told Cassidy's they would likely dismiss the case. Cassidy's Br. at 2 ("Third Party Defendants responded to the Interrogatories on November 25, 2019 but failed to respond to the Requests for Documents."); Cassidy's Br. at 3 ("Eventually, [Young's counsel] informed the undersigned that it would likely dismiss the case against Cassidy's.").

Pursuant to CVR 7.l(b) and (d)(l)-(3) and the briefing schedule, Young's opposition brief to the present Motion was due on June 10, 2022, but Young failed to file any responsive brief within the time ordered in the briefing scheduled. Young's counsel subsequently filed a

Decision and Order Granting Motion to Dismiss for Failure to Prosecute
CV0299-19, *Hallers v. Young et al.*
Page 2 of 8

separate motion seeking to be relieved from its representation of the Defendant/Third Party Plaintiff "due to [Young]'s failure to cooperate with counsel." Motion to Withdraw as Counsel at 1 (Aug. 15, 2022). On repeated occasions, Young failed to appear at counsel's office. *Id*.

## III.   DISCUSSION

Rule 41(b) of the Guam Rules of Civil Procedure ("GRCP") reads, in pertinent part, as follows:

> (b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

GRCP 41(b).   The Court analyzes a GRCP 41(b) motion to dismiss for failure to prosecute under the Ninth Circuit's five-factor test from *In re Eisen*, 31 F. 3d 1447 (9th Cir. 1995), as adopted by the Guam Supreme Court in *Santos v. Carney*, 1997 Guam 4 and *Lujan v. McCreadie*, 2014 Guam 19:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket;
> (3) the risk of prejudice to the defendants;
> (4) the public policy favoring the disposition of cases on their merits; and
> (5) the availability of less drastic sanctions

*Lujan*, 2014 Guam 19 ¶6. In passing on a motion for dismissal under these circumstances, the Supreme Court of Guam has ruled that "[d]ismissal is appropriate if at least four factors favor dismissal or three factors 'strongly' support dismissal." *Park v. Kawashima*, 2010 Guam 10 ¶ 10 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). The Court shall analyze these factors under these particular circumstances.

Decision and Order Granting Motion to Dismiss for Failure to Prosecute
CV0299-19, *Hallers v. Young et al.*
Page 3 of 8

### 1. The public's interest in the expeditious resolution of litigation and the court's needs to manage its docket warrants dismissal of the action.

"The docket management factor is ordinarily considered in conjunction with the public's interest in the expeditious resolution of litigation in determining whether there was an unreasonable delay." *Santos*, 1997 Guam 4 ¶ 7 (citing *In re Eisen*, 31 F. 3d at 1452). In determining whether the delay was unreasonable, the Court must "tak[e] into consideration the length of and reasons for the delay." *Lujan*, 2014 Guam 19 ¶ 8. "The Plaintiff bears the burden of showing that the delay is reasonable and that the defendant is not prejudiced by the delay. If there is a reasonable excuse for the inaction, then the burden shifts to the defendant who must then demonstrate prejudice." *Santos*, 1997 Guam 4 ¶ 5 (citing *Franklin v. Murphy*, 745 F.2d 1221, 1232 (9th Cir.1984)). Ultimately, it is recognized that "[t]rial courts 'have an inherent power to control their dockets. In the exercises of that power they may impose sanctions including, where appropriate, default or dismissal.' " *Gov't of Guam v. O'Keefe on behalf of Heirs of Torres Est.*, 2018 Guam 4 (quoting *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006)).

By failing to respond to the Motion or lodge with the Court any good cause (or any imaginable reason, for that matter) for the delay in prosecution, Young has not carried its burden of showing the delay is reasonable. Neither does any evidence indicate an intent by Young to resolve this matter in the near future. *In re Eisen*, 31 F. 3d at 1452. To the contrary, Young's inability to communicate with its own attorney suggests Young does not intend to continue with the prosecution of this matter. *See* Motion to Withdraw (Jan. 9, 2020) (Young's first attorney seeking to withdraw from the case for Young's failure to cooperate and provide critical documents and information); *See also* Motion to Withdraw as Counsel (Aug. 15, 2022)

Decision and Order Granting Motion to Dismiss for Failure to Prosecute
CV0299-19, *Hallers v. Young et al.*
Page 4 of 8

(Young's second attorney seeking to withdraw from the case for Young's failure to cooperate and meet with his attorney). An independent examination of the record further demonstrates the extent to which this litigation has been needlessly prolonged. Young injected Cassidy's into this litigation in early 2019. *See* Answer, Counterclaim, and Third Party Practice (Apr. 18, 2019). Since their stipulation to the dismissal of Mr. Haller's claims in 2020, Young has failed to pursue the claim further. Without more on the record, the Court finds the delay to be unreasonable. The continued stay of this idle claim two years later neither advances the public interest of the expeditious resolution of litigation nor allows the Court to effectively manage its docket. Thus, consideration of these factors weighs in favor of dismissal.

### 2. Cassidy's suffers actual prejudice.

"Our case law makes clear that 'once a delay is determined to be unreasonable, prejudice . . . is presumed.' " *Guam Dep't of Educ. v. Guam Civil Serv. Comm'n*, 2017 Guam 8 (citing *Kawashima*, 2010 Guam 10 ¶ 21). This presumption is rebuttable upon a showing that the delay was excusable and that the opposing party is not prejudiced. *O'Keefe*, 2018 Guam 4 ¶ 34 ("This presumption, however, is rebuttable, if the Government can show the delay was excusable and that the Estate was not prejudiced by the delay.").

Since Young's delay has been found to be unreasonable, prejudice towards Cassidy's is presumed. This presumption of prejudice remains intact because Young has failed to appear or offer any rebuttal. While "[p]resumed prejudice is sufficient to support a dismissal under GRCP 41(b)," the record also demonstrates Cassidy's suffers from actual prejudice. *Santos*, 1997 Guam 4 ¶ 8. First, Young's failure to respond to overdue discovery requests has not only blatantly violated GRCP 34, but it has also denied Cassidy's the opportunity to prepare a defense. Second, as an insurance broker, Cassidy's must produce quarterly reports to its Errors

Decision and Order Granting Motion to Dismiss for Failure to Prosecute
CV0299-19, *Hallers v. Young et al.*
Page **5** of **8**

and Omissions ("E&O") Carrier that cost it resources and attorney's fees. Decl. of Joseph C. Razzano, ¶ 6-7 (May 13, 2022). Since this litigation began, Cassidy's E&O premiums have increased and this claim appears to be a contributing factor. *Id.* at ¶ 8. Thus, Young's failure to prosecute this case causes a burden on Cassidy's that continues to swell the longer the case lingers. This factor weighs strongly in favor of dismissal.

### 3. The public policy favoring the disposition of cases on their merits does not justify the delay and prejudice caused by Young's conduct.

"Generally, public policy favors the disposition of cases on their merits and disfavors the dismissal of cases prematurely." *Lujan*, 2014 Guam 19 ¶ 21 (citing *Santos*, 1997 Guam 4 ¶ 9). "Although public policy always favors a resolution of cases on their merits, and this factor generally weighs in favor of the plaintiff, 'it must be weighed against the first two factors, the expeditious resolution of litigation and the court's need to manage its docket.' " *Park*, 2010 Guam 10 ¶ 22 (quoting *In re Estate of Concepcion v. Siguenza*, 2003 Guam 12 ¶ 23). "The question is whether the policy of determining cases on their merits justifies the delay and prejudice caused . . . ." *Id.*

Young's inaction for nearly two years in this matter has prevented Cassidy's from receiving complete discovery responses. As a result, Young has defied GRCP 34 and prejudiced Cassidy's. While public policy favors disposition of the case on its merits, "[i]t is sufficient to demonstrate the plaintiff has "ignored his responsibilities to the court in prosecuting the action and the defendant had suffered prejudice as a result thereof." *Santos*, 1997 Guam 4 ¶ 9 (quoting *Anderson v. Air West, Inc.*, 542 F. 2d 522, 526 (9th. Cir. 1976)). Furthermore, "[t]he public policy of determining cases on their merits should not be used defensively as a shield by a passive Plaintiff who has failed in his obligation to prosecute the defendants with the vigor

Decision and Order Granting Motion to Dismiss for Failure to Prosecute
CV0299-19, *Hallers v. Young et al.*
Page 6 of 8

expected of a plaintiff." *Id.* Without appearing or answering Cassidy's Motion, Young has failed to show how this factor outweighs the first factors of reaching an expeditious resolution to this litigation and the Court's need to manage its docket. Accordingly, this factor also weighs in favor of dismissal.

### 4. The availability of less drastic sanctions does not justify continuing to hold Cassidy's hostage.

"[I]t is not a per se abuse of discretion for a trial judge to dismiss an action due to a party's failure to prosecute without issuing advance warnings or lesser sanctions." *Santos*, 1997 Guam 4, ¶10. The court is not "required to examine every single alternate remedy in deciding if sanction of dismissal is appropriate." *Park*, 2010 Guam 10 ¶ 24. "[T]he reasonable exploration of possible and meaningful alternatives is all that is required." *Id.* (quoting Anderson, 542 F.2d at 525). "The trial court is not required to impose lesser sanctions, when the rules do not so provide, and when to do so would encourage neglect and noncompliance with the Guam Rules of Civil Procedure." *Santos,* 1997 Guam 4, ¶10.

As already discussed, Young has violated GRCP 34 as a consequence of their inaction. Continuing to afford Young further time to pursue the claim would encourage neglect and noncompliance with GRCP. While imposing warnings or monetary sanctions upon Young in hopes of awakening their dormant claim could be a less drastic sanction available to the Court, the Court also deems these alternatives to be inadequate under these particular circumstances.

First, the filing of Cassidy's Motion to dismiss for failure to prosecute should have alerted Young and, at a minimum, given Young adequate notice that his claim was in danger of being dismissed. Additionally, Young's counsel's subsequent motion to withdraw due to Young's failure to comply with its obligation as a client and Young's silence in the face of such

Decision and Order Granting Motion to Dismiss for Failure to Prosecute
CV0299-19, *Hallers v. Young et al.*
Page 7 of 8

notice justifies this Court's findings that any further warning would be futile and a waste of judicial resources. Second, no monetary sanction against Young would cure the prejudice already inflicted upon Cassidy's. Instead, Cassidy's would be forced to continue expending funds to defendant against claims which Young clearly has no intention of pursuing.

## IV.    CONCLUSION

For the reasons set forth herein, and this Court specifically finding that all the factors required under *Santos* weigh in favor of dismissing Young's claim for failure to prosecute, the Court **GRANTS** Cassidy's Motion to Dismiss. Pursuant to Rule 41(b) of the GRCP, this dismissal operates as an adjudication upon the merits; therefore, this case is **DISMISSED WITH PREJUDICE**.

SO ORDERED this _____ **SEP 0 2 2022** _____.

HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

Date: _____ Time: _____

Deputy Clerk, Superior Court of Guam

Decision and Order Granting Motion to Dismiss for Failure to Prosecute
CV0299-19, *Hallers v. Young et al.*
Page **8** of **8**